IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ARLUS BANKS, JR.,
LAKHRAJ MANOHAR,
RICHARD THROWBRIDGE,
JARKEVIOUS COLLINS, and
DAVID WASHINGTON                                                      PLAINTIFFS

V.                            CASE NO. 3:16-CV-37-BSM-BD

CRAIGHEAD COUNTY DETENTION CENTER and
DOES                                                                  DEFENDANTS


RECOMMENDED DISPOSITION

I.      Procedures for Filing Objections:

        This Recommended Disposition ("Recommendation") has been sent to United

States District Chief Judge Brian S. Miller.  You may file written objections to this

Recommendation.  If you file objections, they must be specific and must include the

factual or legal basis for your objection.  Your objections must be received in the office of

the United States District Court Clerk within fourteen (14) days of this Recommendation.

        If no objections are filed, Judge Miller can adopt this Recommendation without

independently reviewing the record.  By not objecting, you may also waive any right to

appeal questions of fact.

II.     Discussion:

        On February 1, 2016, this lawsuit was filed on behalf of Plaintiffs Arlus Banks, Jr.,

Lakhraj Manohar, Richard Throwbridge, Jarkevious Collins, and David Washington, who

were inmates at the Craighead County Detention Facility.  (Docket entry #1)  None of the

Plaintiffs paid a filing fee or submitted *in forma pauperis* (IFP) applications.  In a

February 3, 2016 Order, the Court ordered each Plaintiff to pay a $400 filing fee or apply

to proceed *in forma pauperis* within thirty days.  (#2)

Over the following several weeks, mail sent to Mr. Banks, Mr. Throwbridge, and

Mr. Washington was returned to the Court with notations that it could not be forwarded.

(#4, #11, #12, #13, #14, #15, #16, #18, #19)  On March 17, 2016, the Court ordered Mr.

Banks, Mr. Throwbridge, and Mr. Washington to notify the Court of their current

addresses within thirty days and specifically warned them that their claims could be

dismissed if they failed to comply with the Court's order.  (#21)

To date, Mr. Banks, Mr. Throwbridge, and Mr. Washington have failed to file

complete IFP applications or pay the filing fee, as ordered.  In addition, these Plaintiffs

have  failed to provide the Court with their current addresses.  The time for complying

with the Court's orders has passed.

Mr. Manohar did not submit an *in forma pauperis* (IFP) application at the time this

lawsuit was filed.  Because of his litigation history, he would not have been eligible for

IFP status in federal court in any event, absent allegations of imminent danger.[1]  He did

---

[1] The following dismissals count as "strikes" against Mr. Manohar for purposes of
eligibility to proceed IFP: *Manohar v. Arkansas*, et al., E.D. Ark. Case No. 3:14cv218
(dismissed Oct. 9, 2014); *Manohar v. Lyles*, et al., E.D. Ark. Case No. 3:14cv240
(dismissed Nov. 4, 2014); *Manohar v. Hall*, E.D. Ark. Case No. 3:14cv246 (dismissed
Nov. 5, 2014).

not plead facts indicating that he was in immediate peril.  In its February 3, 2016 Order,

the Court ordered Mr. Manohar to pay the $400 filing fee within thirty days.  (#2)

On February 17, 2016, Mr. Manohar filed a notice of change of address (#6)

indicating that he had been released from custody.  He also filed a motion to proceed IFP,

which the Court denied.  (#5, #7)  Mr. Manohar was ordered to pay the filing fee by

March 7, 2016, or risk having his claims dismissed.  (#7)

Now pending is Mr. Manohar's motion to reconsider granting him leave to

proceed IFP.  (#10)  The so-called "three strikes" rule bars prisoners from proceeding IFP

if they have filed three or more federal cases that were dismissed as frivolous or

malicious, or for failure to state a claim for relief.[2]  28 U.S.C. § 1915(g).  Plaintiffs

subject to the three-strikes bar must immediately pay the filing fee if they wish to proceed

with their lawsuits.

Mr. Manohar was a prisoner at the time he filed this lawsuit, but he filed his

motion for IFP status after he was released from custody.  The statute does not

specifically address whether a person in Mr. Manohar's situation is relieved of the

obligation to pay the filing fee, and the Court of Appeals for the Eighth Circuit has not

directly addressed this issue.  Federal courts in other circuits, however, have held that the

three-strikes rule applies to all lawsuits filed by prisoners, even if those plaintiffs are later

---

[2] There is an exception, of course, if these plaintiffs plead facts indicating that they
are in immediate danger of serious physical injury.

released from custody.  See *Gibson v. City of New York*, 692 F.3d 198, 201 (2nd Cir.

2012); *Harris v. City of New York*, 607 F.3d 18, 20-21 (2nd Cir. 2010); *Torns v. Miss.*

*Dept. of Corrs.*, 421 Fed. Appx. 316 (5th Cir. 2010) (unpublished decision); *Goodman v.*

*Graham*, 2012 WL 1655699 (S.D.Ga. May 2, 2012).  In *Harris*, the Court explained that,

"[t]he use of the word 'bring' [in § 1915(g)] offers a clear indication that the provision

goes into effect – and bars the suit under the *in forma pauperis* section – at the moment

the plaintiff files his complaint or notice of appeal."  *Harris*, 607 F.3d at 21-22.

Because Mr. Manohar was subject to the three-strikes rule at the time he filed this

lawsuit, his motion to reconsider his application for IFP status (#10) should be denied and

his claims should be dismissed, without prejudice, based on his failure to comply with the

Court's February 3, 2016 Order.

Finally, on March 17, 2016, the Court granted Mr. Collins's motion for leave to

proceed IFP.  (#22)  The Court instructed Mr. Collins to file an amended complaint

clarifying his constitutional claims within thirty days.  To date, Mr. Collins has failed to

comply with the Court's March 17, 2016 Order, and the time for doing so has passed.

Therefore, Mr. Collins's claims also should be dismissed, without prejudice.

## III.    Conclusion:

The Court recommends that the claims raised by Mr. Banks, Mr. Throwbridge, Mr.

Washington, and Mr. Collins be DISMISSED, without prejudice, based on their failure to

prosecute this lawsuit and failure to comply with Court orders.  In addition, Mr.

Manohar's motion for reconsideration (#10) should be DENIED, and his claims should be

DISMISSED, without prejudice, based on his failure to comply with the Court's February

3, 2016 Order.

    DATED this 20th day of April, 2016.

                                _____
                                UNITED STATES MAGISTRATE JUDGE